LUTHER W. GILES *vs.* THOMAS ASH & trustee.

Bristol. Oct. 24. — Nov. 1, 1877. LORD & SOULE, JJ., absent.

An assignment, under seal and duly recorded, of wages by A. to "J. B., treasurer," to secure the corporation, of which J. B. was treasurer, for goods it had previously sold and might afterwards sell to A., is valid.

If, in a trustee process, the trustee admits funds in his hands, due as wages to the principal defendant, and an adverse claimant proves a valid assignment of the wages as security for a debt, the trustee is chargeable on his answer for the excess in his hands over the amount of the debt due the claimant.

TRUSTEE PROCESS. Writ dated September 11, 1876. The defendant was defaulted. The Wamsutta Mills, summoned as trustee, admitted that, at the time of service upon it, there was in its hands the sum of $38.61, due the defendant. James Boardman appeared as claimant of the funds in the hands of the trustee, by virtue of an assignment, under seal, dated July 5, 1876, signed by the defendant, and duly recorded, to "James Boardman, treasurer," of the wages due and to be due to the defendant from the trustee until August 1, 1877.

At the trial in the Superior Court, before *Aldrich*, J., Boardman testified that he was the treasurer of the Industrial Coöperative Association, a corporation in New Bedford; that Ash commenced to trade with the association on April 15, 1876, and continued so to trade until August 15, 1876; that on July 5, 1876, there was due from Ash to the association for goods the sum of $34.97; that Ash then made the assignment of his wages to secure the payment for these goods; that subsequently Ash continued to receive goods from the association to the additional amount of $52.13; that on July 15, 1876, Ash paid $25 on account of the goods, for which the assignment was given as security, and afterwards, on August 14, 1876, he received from the trustee the sum of $27.13 on the account, leaving a balance of $34.97 owing to the association for the goods; and that Ash owed him nothing in his individual capacity, nor anything to which the assignment applied other than the sum for the goods furnished by the association of which he was the treasurer.

The plaintiff objected that the claimant was not entitled to hold the funds in the hands of the trustee, because the assignment ran to " James Boardman, treasurer," and not to the Industrial Coöperative Association, by which the goods were furnished. There was no evidence that the plaintiff had any actual notice of the assignment, or any knowledge of the payments.

The claimant contended that the assignment, being given as security for the goods furnished, applied to the same, though in the name of James Boardman, treasurer. The judge ruled, upon the foregoing facts, that the trustee was chargeable on its answer, and that the claimant could not prevail as against the plaintiff. The claimant alleged exceptions.

*L. Lapham*, for the claimant.

*L. J. Drake*, for the plaintiff.

MORTON, J. The bill of exceptions shows that the wages of the principal defendant, which the plaintiff seeks to hold by the trustee process, were assigned, by an instrument under seal, to James Boardman, treasurer. The sole object of the assignment was to secure the corporation of which Boardman was treasurer for goods which it had previously sold, and which it might afterwards sell, to the defendant. Boardman acted in the transaction solely on behalf of the corporation. His assent was the assent

of the corporation, if such assent was necessary to give the assignment validity as against attaching creditors of the defendant. Besides, such assent is conclusively shown by the fact that the corporation afterwards sold goods to the defendant upon the security of the assignment. The assignment was duly recorded as required by the St. of 1865, *c.* 43, § 2. Upon these facts, we see no ground upon which it can be held that it was invalid.

Under the statute above cited, the plaintiff in the trustee process could show that the assignment, though absolute in form, was held only as security for a debt, and could hold the excess in the hands of the trustee, above the amount found due on the debt at the time of the service of the process. The ruling that the claimant could not prevail as against the plaintiff was erroneous. *Exceptions sustained.*